IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**UNITED STATES OF AMERICA**,

**Plaintiff,**

**v.**

**STEPHEN YOUNG,**

**Defendants.**                                              No. 09-30142-DRH

### ORDER

**HERNDON, Chief Judge**:

Now before the Court is Defendant Stephen Young's April 5, 2010 first motion to continue (Doc. 34). Specifically, Young moves to continue the April 19, 2010 trial as he needs additional time to complete plea negotiations. The Government does not object to the motion. The Court being fully advised in the premises finds that Defendant Young needs additional time to complete plea negotiations. Further, the Court finds that pursuant to **18 U.S.C. § 3161(h)(7)(A)**, the ends of justice served by the granting of such continuance outweigh the best interests of the public and Defendant in a speedy trial. The Court **GRANTS** the first motion to continue (Doc. 34).

The Court **CONTINUES** the jury trial scheduled for April 19, 2010 to Tuesday, June 1, 2010 at 9:00 a.m. The time from the date the original motion was

filed, April 5, 2010, until the date to which the trial is rescheduled, June 1, 2010, is excludable time for the purposes of speedy trial.

Further, in continuing this trial, the Court also notes that Defendant was previously given twenty-one (21) days from the date of the arraignment in which to file pre-trial motions and complete discovery. According to a recent Supreme Court decision, **Bloate v. United States, No. 08-728, — S. Ct. —, 2010 WL 757660, at * 11 (2010)**, delays resulting from pre-trial motion preparation is not automatically excludable under **18 U.S.C. § 3161(h)(1)**, but requires case-specific findings under **18 U.S.C. § 3161(h)(7)**. *See Bloate*, **2010 WL 757660, at *5**. In light of the recent decision, the Court finds that the time granted to Defendant for preparation of pretrial motions and discovery was also excludable under **18 U.S.C. §3161(h)(7)(A)** as the justice served by the granting of such a continuance outweighed the best interests of the public and Defendant in a speedy trial. To force Defendant to trial without adequate time to prepare would have constituted a miscarriage of justice. Therefore, for purposes of the Order issued November 18, 2009, granting Defendants twenty-one (21) days in which to complete discovery and file pre-trial motions (Doc. 14), the Court notes that the time from the arraignment, November 18, 2009, until the date on which the twenty-one days expired, December 9, 2009, is excludable time for the purposes of speedy trial.

Should either party believe that a witness will be required to travel on the Justice Prisoner and Alien Transportation System (JPATS) in order to testify at

the trial of this case, a writ should be requested at least two months in advance.

**IT IS SO ORDERED.**

Signed this 12th day of April, 2010.

/s/  DavidRHerndon
**Chief Judge
United States District Court**